# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **ANDRE L. IBRAHIM** | § | |
| | § | |
| v. | § | NO. 4:25-CV-00369-SDJ-BD |
| | § | |
| **BRIAN JOHNSON,** *et al.* | § | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Andre Ibrahim moved for leave to amend his complaint and attached a proposed amended complaint. Dkt. 16, *see* Dkts. 18 (response), 19 (reply). The court will grant the motion for leave to amend but order further amendment.

## DISCUSSION

### I. Leave to Amend

Federal Rule of Civil Procedure 15 requires the court to "freely give leave [to amend] when justice so requires." The court may deny leave to amend when any of five factors is present: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by allowing the amendment, and (5) futility of amendment. *Jack v. Evonik Corp.*, 79 F.4th 547, 564–65 (5th Cir. 2023).

The first four factors are not present here. But as the defendants point out in response, Ibrahim's proposed amendment would be futile. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (explaining that an amended complaint would be futile if it "would fail to state a claim upon which relief could be granted"). Because a pro se plaintiff should be afforded the opportunity to plead his best case, *see Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)), Ibrahim should be permitted to file an amended complaint that addresses the deficiencies identified by the defendants and in this order.

## II. Title VII

Ibrahim's proposed amended complaint, Dkt. 16-2, asserts violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, but fails to state a claim.

### A. Disparate treatment

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). At the pleading stage, the plaintiff need not present evidence; he must only "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016). An employee claiming disparate treatment must plead "(1) an adverse employment action, (2) taken against [him] because of [his] protected status." *Hamilton v. Dallas County*, 79 F.4th 494, 502 (5th Cir. 2023) (quotation marks omitted).

To show that an adverse employment action was taken "because of" the plaintiff's protected status, the plaintiff can rely on either direct or circumstantial evidence of discrimination. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019). "Direct evidence is evidence which, if believed, proves the fact without inference or presumption." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005). "When a plaintiff builds a case on circumstantial evidence, a court analyzes the plaintiff's claim under the *McDonnell Douglas* framework." *Cicalese*, 924 F.3d at 766 (referencing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). That means the plaintiff must allege "facts, direct or circumstantial, that would suggest [that the defendant's] actions were based on" the employee's protected status or must allege that the employer "treated similarly situated employees of other [protected classes] more favorably." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

The proposed amended complaint alleges discrimination based on race and religion, but it does not identify Ibrahim's religion or allege facts that, if true, would show that the employer's conduct was because of his race or religion.

### B. Religious accommodation

Title VII requires employers to accommodate "all aspects of religious observance and practice" unless the employer demonstrates that it cannot accommodate the employee's religious observance or practice "without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j); *see Antoine v. First Student, Inc.*, 713 F.3d 824, 831 (5th Cir. 2013). An employer fails to accommodate an employee's religion when "(1) [the employee] held a bona fide religious belief, (2) [his] belief conflicted with a requirement of [his] employment, (3) [his] employer was informed of [his] belief, and (4) [he] suffered an adverse employment action for failing to comply with the conflicting employment requirement." *Davis v. Fort Bend County*, 765 F.3d 480, 485 (5th Cir. 2014).

The proposed amended complaint alleges that the defendants failed to accommodate Ibrahim's religion. But it does not identify what religious belief the employer failed to accommodate or allege facts that, if true, would show that the belief conflicted with a requirement of Ibrahim's employment, that the employer was informed of the belief, or that Ibrahim suffered an adverse employment action for failing to comply with the requirement.

### C. Retaliation

Title VII also prohibits an employer from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a); *see Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 576–77 (5th Cir. 2020), *as revised* (Aug. 14, 2020) (cleaned up) (describing § 2000e-3(a) as Title VII's antiretaliation provision). Retaliation claims brought under Title VII are analyzed under the *McDonnell Douglas* burden-shifting framework, *Johnson v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 90 F.4th 449, 460 (5th Cir. 2024), and the elements of a prima facie case are: (1) the plaintiff engaged in protected activity; (2) he suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action, *Lewis v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 134 F.4th 286, 295 (5th

Cir. 2025). An adverse employment action in the retaliation context is one that would dissuade a reasonable employee from making or supporting a charge of discrimination. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

Ibrahim's proposed amended complaint alleges that Ibrahim "engaged in protected activity by reporting" discrimination, Dkt. 16-2 at 2, but does not allege facts showing when or how he reported it, to whom he reported it, or the content of the report. Without more, the retaliation allegation is a bare legal conclusion that does not show an entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

### D. Exhaustion

Title VII directs that a "charge . . . shall be filed" with the Equal Employment Opportunity Commission ("EEOC") "by or on behalf of a person claiming to be aggrieved" within 180 days "after the alleged unlawful employment practice occur[s]." 42 U.S.C. § 2000e–5(b), (e)(1). That exhaustion requirement is mandatory. *Fort Bend County v. Davis*, 587 U.S. 541, 551 (2019).

Ibrahim's proposed amended complaint does not allege that he exhausted his administrative remedies by filing a charge with the EEOC. *See New Orleans Ass'n of Cemetery Tour Guides & Cos. v. New Orleans Archdiocesan Cemeteries*, 56 F.4th 1026, 1033 (5th Cir. 2023) (explaining that an amended complaint supersedes any previous complaint and renders it null unless the amended complaint specifically adopts or incorporates the earlier pleading).

## III. 42 U.S.C. § 1981

42 U.S.C. § 1981 provides that

> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Employment claims "brought pursuant to Title VII and § 1981 are governed by the same evidentiary framework, such that the analyses under both statutes are substantively the same." *Ayorinde v. Team Indus. Servs. Inc.*, 121 F.4th 500, 506 (5th Cir. 2024).

Ibrahim's § 1981 claim suffers from the same deficiencies as the alleged Title VII claims. *See supra* Part II.

## IV. Tort Claims

The proposed amended complaint alleges violations of state law for defamation, invasion of privacy, and "tortious interference with unemployment benefits." Dkt. 16-2 at 3. It fails to state a claim for any of those torts.

### A. Defamation

Under Texas law, a defamation claim has four elements: "(1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases." *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015). "The status of the person allegedly defamed determines the requisite degree of fault." *Id.* "[U]nless the defamatory statements are defamatory per se," "the plaintiff must plead and prove damages." *Id.*

The proposed amended complaint does not identify a false statement or any third party to whom it was published. Nor does it identify Ibrahim's status for purposes of determining the requisite degree of fault.

### B. Invasion of privacy

Tortious invasion of privacy for the public disclosure of private facts has three elements: "(1) publicity was given to matters concerning one's personal life, (2) publication would be highly offensive to a reasonable person of ordinary sensibilities, and (3) the matter publicized is not of legitimate public concern." *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 474 (Tex. 1995).

The proposed amended complaint does not identify what private matters were published or explain why publication of those matters would be highly offensive or why they are not of legitimate public concern.

### C. Tortious interference

Ibrahim's proposed amended complaint alleges "tortious interference with unemployment benefits." Dkt. 16-2 at 3. It cites no legal authority recognizing such a claim, and this court is aware

5

of none. Texas recognizes tortious interference with contract, which has four elements: "(1) that a contract subject to interference exists; (2) that the alleged act of interference was willful and intentional; (3) that the willful and intentional act proximately caused damage; and (4) that actual damage or loss occurred." *ACS Inv'rs, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997).

The proposed amended complaint does not allege the existence of a contract subject to interference.

## V. Effect of Amendment

Ibrahim will be given another opportunity to amend his complaint to satisfy the deficiencies identified above. As noted, any amended complaint will supersede the current complaint and render it null unless the amended complaint specifically adopts or incorporates the earlier pleading. *New Orleans Ass'n of Cemetery Tour Guides & Cos.*, 56 F.4th at 1033. For that reason, any motion to dismiss a complaint is rendered moot by the subsequent filing of an amended complaint. *See id.*

## CONCLUSION

It is **ORDERED** that:

1) the motion for leave to amend, Dkt. 16, is **GRANTED** to the extent that it seeks leave to file an amended complaint and **DENIED** to the extent that it asks the court to accept the filing of the proposed amended complaint it attaches, Dkt. 16-2;

2) Ibrahim file an amended complaint resolving the deficiencies identified in this order and in the defendants' response, Dkt. 18, within 14 days of the docketing of this order; and

3) Ibrahim is advised that further amendments may not be permitted.

So **ORDERED** and **SIGNED** this 28th day of August, 2025.



Bill Davis
United States Magistrate Judge